PeaesoN, C. J.
 

 The opinion of the Court is with the defendants on both points, made on the argument.
 

 1st. The deed, executed by Samuel Black to McAnlay, 12th December, 1849, combines the character of two instruments— a deed of trust to secure creditors, and a deed of settlement in trust for a wife and children, and there is no reason why it may not operate and have force and effect in both characters, provided the ceremony, which the law requires in respect to attestation, probate and registration is duly complied with.
 

 
 *123
 
 An analogy may be found in the case of a will, where, most usually, the same instrument contains a will of personalty, according to the common law, and a will land, according,to the statute, and no objection was ever made, although, originally, the mode of attestation wuis different, and the probate of one was required to be in the courts of law, and of the other, in the ecclesiastical courts. The probate of the instrument, in one character, had no effect upon its validity in the other.
 

 In respect to the probate and registration of the instrument,, now under consideration, in its character of a deed of trust to secure creditors, no question is presented. This Court is of opinion, that in its character of a deed of settlement, in trust for a wife and children, the probate, in open court, at April Term, 1853, and its registration on the 8th of June, 1853, made it valid, not only between the parties, but as against cred-tors, whose debts were contracted afterwards, and that it was void only as against creditors, whose debts were in existence, or in contemplation, at the date of such registration. This, we believe, has been the universally received construction of Rev. Statutes, chap. 3T, sec. 29, and Revised Code, chap. 37, sec. 21, and we are satisfied, upon a consideration of the purposes of these enactments, that this is the proper construction. A mere voluntary deed to a stranger, without any
 
 meritorious
 
 consideration whatever, is allowed to have this effect.
 

 2nd. As the bill of sale for the slaves, which was executed by the plaintiff, passed the title to Black, and his estate has had the benefit of the purchase, the signature of Mrs. Black must be treated as having been done in the mere character of her husband’s security, and can derive no aid from the fact, that McAulay, the trustee, had given her a power of attorney to act as his agent, in respect to the trust property. So, the case is that of a feme covert executing a bond without making it a specific charge on her separate estate, and without the concurrence of the trustee, and falls under the doctrine announced by this Court;
 
 Knox
 
 v. Jordan, 5 Jones’ Eq. 177.
 

 There will be a decree declaring the opinion of the Court
 
 *124
 
 on these points and subject thereto, the plaintiff may take an order of reference for an account.
 

 Per Curiam, Decree accordingly.